IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

**JUAN RIVERA, DEBRA LARSON RIVERA**

    Plaintiffs,

    v.

**CHARLES REED d/b/a FORT BUCHANAN**

**BEAUTY SALON, et al**

    Defendants.

Civil Action No. 09-1160 (GAG)

**OPINION AND ORDER**

    Plaintiffs commenced this action seeking damages for injuries sustained by plaintiff Juan Rivera ("Rivera") on June 11, 2008, as a result of alleged negligence on behalf of Mark Colletti ("Colletti"), an employee at d/b/a Ft. Buchanan Barber Shop ("Reed").  Plaintiffs bring this action pursuant to Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, §§ 5141-42.  Jurisdiction over this claim in this court is invoked pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship among the parties and the amount in controversy exceeds the jurisdictional amount of $75,000.

    This matter is currently before the court on co-defendant Reed's motion for summary judgment. (Docket No. 82.)  Plaintiffs timely opposed defendant's motion for summary judgment (Docket No. 88.)  After reviewing the pleadings and pertinent law, the court **DENIES** co-defendant Charles Reed's motion for summary judgment.

**I.     Standard of Review**

    Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "An issue is

**Civil No. 09-1160(GAG)**                                           2

genuine if 'it may reasonably be resolved in favor of either party' at trial, and material if it 'possess[es] the capacity to sway the outcome of the litigation under the applicable law.'" Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006) (alteration in original) (citations omitted). The moving party bears the initial burden of demonstrating the lack of evidence to support the non-moving party's case. Celotex, 477 U.S. at 325. "The movant must aver an absence of evidence to support the nonmoving party's case. The burden then shifts to the nonmovant to establish the existence of at least one fact issue which is both genuine and material." Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994). The nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). If the court finds that some genuine factual issue remains, the resolution of which could affect the outcome of the case, then the court must deny summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party (here, the plaintiff) and give that party the benefit of any and all reasonable inferences. Id. at 255. Moreover, at the summary judgment stage, the court does not make credibility determinations or weigh the evidence. Id. Summary judgment may be appropriate, however, if the non-moving party's case rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation." Forestier Fradera v. Municipality of Mayaguez, 440 F.3d 17, 21 (1st Cir. 2006) (quoting Benoit v. Technical Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003)).

**II.    Relevant Factual & Procedural Background**

On June 11, 2008 co-plaintiff Rivera visited defendant's business establishment at Ft. Buchanan for a haircut. Employee Mark Colleti was cutting Rivera's hair on that day. During the haircut, the barber accidentally cut deeply into plaintiff's right ear. Following the cutting of his ear, plaintiff contends he was subjected to excruciating pain. He further contends that a remark from the barber, in which he stated "I just cut off your ear," resulted in further exacerbation of plaintiff's distress during the incident.

**Civil No. 09-1160(GAG)**                              3

Rivera advised the barber to call the base's emergency medical staff, who arrived 20 to 30 minutes after the incident occurred. Rivera claims that he suffered acute pain and intense headaches for several weeks after the incident and was unable to sleep on the side of the affected area. He also contends that while recovering from his injury, he was unable to attend to his gravely ill mother.

On or about August 29, 2008, Rivera served an extra-judicial demand on Charles Reed, president and sole shareholder of The Heirloom Et Boutique PR, Inc. ("HEBPR")[1] (at the time addressed as the Beauty Salon/Barber Shop at Ft. Buchanan). On September 29, 2008, Rivera received a letter from Mr. Hiram Pagan, Claims Supervisor for co-defendant Integrand Insurance, informing Rivera that the claim was not covered under the insurance policy issued in favor of Charles Reed. Following this response, the plaintiffs filed this action against both defendants demanding damages for the injuries sustained on June 11.

### III.   Discussion

In his motion for summary judgment, Reed contends that he can not be held personally liable under Article 1803 for the actions of Mark Colleti, as he is not Coletti's employer. Instead Reed avers that Mark Colletti was employed by HEBPR at the time of the accident, and thus Reed is shielded from personal liability. In response, Rivera contends that while Colletti was in fact employed by HEBPR at the time of the accident, this entity should not provide a liability shield for Reed, as plaintiff alleges Reed's misuse of the corporate form should compel the court to pierce the corporate veil. He further characterizes Reed's misuse of the corporate form as constituting a corporate shell allowing Reed to conduct business in Puerto Rico under the guise of a local provider.

"Under Puerto Rico law, there is a presumption that a corporate entity is separate from its controlling entity." Milan v. Centennial Communications Corp., 500 F. Supp. 2d 14, 26 (citing Fleming v. Toa Alta Development Corp., 96 D.P.R. 240, 243 (1968)). However, a plaintiff may pierce this corporate veil by presenting evidence showing that "the corporation is being used to

---

[1] HEBPR is a duly organized corporation operating under the laws of the Commonwealth of Puerto Rico.

**Civil No. 09-1160(GAG)**                                          4

sanction fraud, provide injustice, evade obligations, defeat public policy, justify inequity, protect fraud or defend crime." Colon v. Rinaldi, 2006 WL 3421862 at *6 (D.P.R. 2006).  This court has recognized a number of factors identified by the First Circuit that must be assessed in considering whether there has been corporate misuse: (1) whether there has been inadequate capitalization in light of the purposes for which the corporation was organized; (2) extensive or pervasive control by the shareholder or shareholders; (3) intermingling of the corporation's properties or accounts with those of its owner; (4) a failure to observe corporate formalities and separateness; (5) siphoning of funds from the corporation; (6) an absence of corporate records; and (7) non-functioning officers or directors. Velasquez v. P.D.I. Enterprises, Inc., 141 F. Supp. 2d 189, 193 (D.P.R 1999) (citing Town of Brookline v. Gorsuch, 667 F.2d 215, 221 (1st Cir. 1981)).  Furthermore, the Puerto Rico Supreme Court has adopted a similar analysis in holding that "a corporation is the alter ego or business conduit of its stockholders when there is such unity of interest and ownership that . . . the corporation actually is not a separate and independent entity." D.A.C.O v. Alturas Fl. Dev. Corp., 132 D.P.R. 905 (1993).

      The following evidence is provided in support of the plaintiffs' contention that Reed has disregarded corporate formalities and therefore should not be granted protection from personal liability: (1) Reed is the president and sole shareholder of HEBPR and oversees the corporation's financial and administrative affairs; (2) when HEBPR solicited the Army and Air Force Exchange Service ("AAFES") contract, HEBPR certified that it was a corporation chartered in the state of Washington[2]; (3) all of the official documents from HEBPR (e.g., tax filings, payroll documents) identify its business address as 14609 138th Ave. East, Puyallup, WA 98374, which is the same address that Reed has identified as his home address; (4) the insurance policy was issued and

---

[2] Defendant's reply brief (Docket No. 91-2) addresses the issue created by this inconsistency. The reply contends that at the time of the solicitation, HEBPR had not yet been incorporated. Therefore Reed used the name of his corporation which was formed in Washington to solicit the opening of the barber shop.

**Civil No. 09-1160(GAG)**                                5

annually renewed in the name of Charles Reed and not HEBPR; (5) Reed, a Washington state citizen, is listed as the requisite resident agent for HEBPR. See P.R. Laws Ann. tit 14, § 2682(a) (requiring that "[e]very corporation . . . maintain a residing agent in the Commonwealth. . . .").

In viewing this evidence in the light most favorable to the plaintiffs as the non-moving party, the court finds that plaintiffs have created a triable issue of material fact as to whether Reed's alleged misuse of the corporate entity should lead to the piercing of its corporate veil. Although the plaintiffs have not demonstrated evidence of every factor considered by the court when analyzing a claim of alter-ego, this court has recognized that "[n]o one of these factors is either necessary or sufficient to disregard corporate structure." Velasquez, 141 F. Supp. 2d at 193. As this determination requires an extremely fact-sensitive analysis, it is a question best suited for a jury. See Crane v. Green & Freedman Baking Co., Inc.,134 F.3d 17, 22 (1st Cir. 1998) (recognizing that federal courts have held that veil-piercing is the sort of determination usually made by a jury because it is so fact specific and holding that, as a matter of federal procedure in diversity cases, the issue of corporate entity disregard is one for the jury (citing Wm. Passalacqua Builders, Inc. v. Resnick Developers S., Inc., 933 F.2d 131, 137 (2d Cir. 1991); FMC Finance Corp. v. Murphree, 632 F.2d 413, 421 & n. 5 (5th Cir.1980))).

Therefore, as the plaintiffs have created a material issue of fact with regard to Reed's alleged misuse of the corporate structure, the court **DENIES** defendant Reed's motion for summary judgment.

**SO ORDERED**

In San Juan, Puerto Rico this 22nd day of February, 2010.

*S/Gustavo A. Gelpí*
GUSTAVO A. GELPÍ
United States District Judge